IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
SHARON PEETLUK,                )
                               )
     PLAINTIFF,                )
                               )
VS.                            )    CV-01-H-0069-S
                               )
AMERICAN HERITAGE LIFE         )
INSURANCE COMPANY,             )
                               )
     DEFENDANT.                )
```

**FILED** 02 JUN -6 PM 2:42 U.S. DISTRICT COURT N.D. OF ALABAMA

**ENTERED** JUN - 6 2002

## MEMORANDUM OF DECISION

On May 13, 2002 the court granted summary judgment for defendant on all claims asserted against it except the breach of contract claim. The court expressly refrained from ruling on the summary judgment motion as to that claim and invited the parties to comment on the possibility of certifying an issue relevant to that claim to the Alabama Supreme Court under Ala. R. App. P. 18. Counsel for defendant accepted the invitation and timely filed a response on June 3, 2002. Counsel for plaintiff did not accept the invitation.

In his June 3, 2002 response, counsel for defendant *for the first time* cites and argues Mutual Life Ins. Co. of New York v. Allen, 174 Ala. 511, 56 So. 568 (1911); New York Life Ins. Co. v. Ellis, 27 Ala. App. 113, 168 So. 200 (Ala. Civ. App. 1936); New York Life Ins. Co. v. Horton, 235 Ala. 626, 180 So. 277 (Ala. 1938); New York Life Ins. Co. v. Hoffman, 238 Ala. 648, 193 So.



104 (Ala. 1939); and Herricks v. Mut. Life Ins. Co. of New York, 294 Ala. 446, 318 So. 2d 683 (Ala. 1975). Not a single one of these cases was cited by counsel for defendant to the court prior to the May 13, 2002 order and any one of those cases, had it been seen by the court prior to the May 13, 2002 order, would have resulted in summary judgment for defendant on the remaining breach of contract claim. The court further notes that four of those cases, although quite relevant to the issue before the court, were not cited by counsel for plaintiff in his brief. One of the five cases, Hoffman, supra, was cited by counsel for plaintiff but only for the proposition that "the question of intent in misrepresentation is usually one for the jury." It is easy for the court to understand why it failed to review that case earlier since it was cited only for such a basic principle of law.

The fact that the parties did not bring to the court's attention cases controlling a fundamental issue relevant to the breach of contract claim does not justify the court's failure, on its own, to locate the cases. Nevertheless, the court is now aware of those cases, and having considered them the court is of the opinion that Ala. Code § 27-14-7 applies to the application for reinstatement of the life insurance policy on her husband which had lapsed for failure to pay the policy premium, that there is no dispute as to any material fact, and that the defendant is entitled to summary judgment in its favor on the

remaining breach of contract claim.  A separate final order will be entered.

DONE this __6th__ day of June, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE